```
            IN THE UNITED STATES DISTRICT COURT
             FOR THE SOUTHERN DISTRICT OF OHIO
                       EASTERN DIVISION
```

United States of America,        :

      Plaintiff,             :

   v.                              :    Case No. 2:06-mj-0400

Jovante D'Angelo McKenzie,       :    JUDGE WATSON

      Defendant.             :

<u>DETENTION ORDER</u>

    The above defendant appeared before the Court for a detention hearing on October 6, 2006.  At the conclusion of the hearing, he was ordered detained without bond pending further proceedings either in this district or in the Western District of North Carolina.  The purpose of this order is to set forth in writing the reasons for the Court's decision to detain the defendant without bond.

    The defendant was indicted in the Western District of North Carolina on August 24, 2005 and charged with one count of being a felon in possession of a firearm.  The firearm at issue is a Remington .380 caliber semi-automatic pistol.  Because the indictment does not carry a presumption of detention, the United States' request for detention was judged under the following standard.

    Under 18 U.S.C. §3142(f), a detention hearing may be held in a case involving, <u>inter alia,</u> a serious risk that the person to be detained will obstruct or attempt to obstruct justice, or threaten, injure, or intimidate, or attempt to threaten, injure, or intimidate, a prospective witness or juror.  Such a hearing may also be held if there is a serious risk that the person sought to be detained will flee.  At the

hearing, it is the task of the presiding judicial officer to determine whether any condition or combination of conditions of release "will reasonably assure the appearance of the person as required and the safety of any other person and the community...."

Following the hearing, "if the judicial officer determines that no such conditions exists, such judicial officer shall order the detention of the person before trial."  Id.  If detention is based upon a finding that no condition or combination of conditions will reasonably assure the safety of any other person in the community, such a finding must be supported by clear and convincing evidence.  Proof that the person sought to be detained is a serious risk of flight must be by a preponderance of the evidence.

18 U.S.C. §3142(g) requires the judicial officer to consider available information concerning (1) the nature and circumstances of the offense charged, including whether the offense is a crime of violence or involves a narcotic drug; (2) the weight of the evidence against the person; (3) the history and characteristics of the person, and (4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release.  See, e.g., United States v. Arvanitis, 667 F. Supp. 693 (N.D.Ill. 1987).  Detention may be ordered based upon a finding that the defendant is likely to continue to engage in criminal activity which poses a threat either to the community or to the safety of particular persons, and such circumstances are not limited to proof that the defendant poses a serious risk either to obstruct justice or to intimidate or injure a prospective witness or juror.  See, e.g., United States v. Daniels, 772 F.2d 382 (7th Cir. 1985); United States v. Yeaple, 605 F.Supp. 85 (M.D.Pa. 1985).

The information provided to the Court on the issue of detention is contained in the Pretrial Services Report. According to that Report, the defendant has lived in Columbus for approximately one year, spending the majority of his life in North Carolina.  He has no family members in Columbus.  He has had no regular employment as an adult and was incarcerated for approximately five years, up to age 22, as a result of a juvenile conviction in 1996 for robbery with a dangerous weapon.  With respect to that conviction, his parole was revoked at some time. He also incurred two juvenile convictions for resisting a public officer and was found guilty of a similar misdemeanor offense as an adult.  The instant federal charge appears related to a state charge in North Carolina for carrying a concealed weapon. Further, while in Columbus, the defendant has been arrested and charged twice for serious crimes, including aggravated menacing, felony drug possession, and carrying a concealed weapon.  He used an alias with respect to both arrests, possibly because he was aware of the instant federal indictment, and his most recent charges were dismissed for future indictment.

In this case, the Court is persuaded that there is both a danger to the community and a risk of flight.  With respect to the former, the defendant has a serious juvenile conviction involving a weapon and has been arrested twice as an adult for possession of a weapon.  In both cases, the weapon was a handgun. With respect to risk of flight, the defendant has no significant ties to this community, no significant employment history, and has used an alias when arrested.  He also has a history of substance abuse.  Under these circumstances, the Court concluded that there were no conditions which could be set which would adequately guard against either a danger to the community or a risk of flight, and the defendant was therefore detained without bond.

The defendant was advised of his right to review of this Detention Order by a United States District Judge pursuant to 18 U.S.C. §3145(b).

/s/ Terence P. Kemp
United States Magistrate Judge